Opinion filed March 9, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 9, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00173-CR 

                                                    __________

 

                                 RICHARD PAUL FIELDS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                                Trial
Court Cause No. CR16-190

 



 

                                                                   O
P I N I O N

This is an appeal from a judgment adjudicating
guilt.  We affirm.

                                                           Procedural
Background

Richard Paul Fields was originally charged as a
juvenile in county court with the aggravated sexual assault of E.D.N. (who was
under fourteen years of age); with indecency with E.D.N.; and with the sexual
assault of C.D.M. and J.D.R. (who were both under seventeen years of age).  The county court waived its jurisdiction and
transferred appellant to the district court pursuant to Tex. Fam. Code Ann. ' 54.02 (Vernon 2002).








Appellant was then indicted in a multi-count
indictment for the aggravated sexual assault of E.D.N.; indecency with E.D.N.;
and the sexual assaults of C.D.M. and J.D.R. 
Appellant entered a plea of no contest to the allegation that he
committed aggravated sexual assault of E.D.N. 
Pursuant to the plea bargain agreement, the trial court deferred the
adjudication of appellant=s
guilt, placed him on community supervision for ten years, and assessed a $3,000
fine.

After the hearing on the State=s second amended motion to adjudicate,
the trial court found that eight of the State=s
allegations that appellant had violated the terms and conditions of his
community supervision were true and revoked appellant=s
community supervision.  The trial court
adjudicated appellant guilty of the aggravated sexual assault of E.D.N. and
imposed a sentence of confinement for ten years.

                                                                 Issues
on Appeal

In two issues, appellant challenges the district
court=s
jurisdiction to act.  First, appellant
contends that the county court failed to properly serve him with notice of the
waiver of jurisdiction and transfer to the district court.  Therefore, appellant argues that the county
court never acquired jurisdiction over him. 
Appellant also contends that the county court improperly waived its
jurisdiction by failing to order and obtain a complete diagnostic study, social
evaluation, and full investigation.

                                           County
Court=s
Jurisdiction Over Appellant

Section 54.02 provides that the petition and
notice requirements of Tex. Fam. Code
Ann. '' 53.04, 53.05, 53.06, and 53.07 (Vernon
2002) must be satisfied and that the summons must state that the hearing is for
the purpose of considering the transfer of the case to a criminal court.  Appellant contends that the summons in this
case did not comply with the requirements of Section 53.06.  We disagree.

The second supplemental clerk=s record contains the summons and the
return.   The record reflects that both
appellant and his mother were served with the summons, that a copy of the
petition was attached to the summons, and that the purpose of the hearing was
to determine the transfer to criminal court. 
The return states that appellant was served at 10:45 a.m. on February
21, 2001, and that his mother was served at 12:20 p.m. on the same day.

In the summons, appellant and his mother were
directed to appear in county court on March 1, 2001, at 9:00 a.m.  Appellant contends that, because the actual
hearing on the transfer was conducted on May 10, 2001, he did not receive
sufficient notice and the county court was without jurisdiction to act.  However, the county court=s docket sheets reflect that appellant
changed counsel during this time and that the county court granted at least one
continuance.








The record before this court does not support
appellant=s
contention that the county court failed to acquire jurisdiction over him.  The first issue is overruled.

                                County
Court=s Waiver
of Its Jurisdiction Over Appellant

Section 54.02(d) provides that the county court Ashall order and obtain a complete
diagnostic study, social evaluation, and full investigation of the child, his
circumstances, and the circumstances of the alleged offense@ prior to the hearing for discretionary
transfer.  On February 13, 2001, the
county court ordered a psychological examination and a medical examination.

At the May 10 hearing, a psychological report was
admitted into evidence.  In this report,
Dr. Jerry Heard Patrick discussed appellant=s
personal history including the circumstances surrounding the offenses, clinical
observations, the Weschsler Adult Intelligence Scale and the Wide Range
Achievement Test results, a diagnosis, and a prognosis.  The State tendered a predisposition report or
social history prepared by the juvenile probation department.  However, the county court sustained appellant=s objection that he did not have at
least one day=s access
to the report.  Lisa Reasoner, who had
prepared the report, then testified concerning appellant=s
social history.  Brownwood Police Officer
Robert Mullins testified as to the facts and circumstances of each of the
offenses. 

We disagree with appellant=s
contention that the county court failed to comply with Section 54.02(d) and,
therefore, had no jurisdiction to transfer to the district court.  The second issue is overruled.

                                                                     Conclusion

The judgment of the district court is affirmed.

 

PER CURIAM

 

March 9,
2006                                                             

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.